I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL ~~COUNSEL~~ PLF w/ffex
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-31-14

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
MAR 31 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THOMAS LEE GLEASON,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>K. WOLTER, et al.,<br><br>　　　　Defendants. | Case No. CV 14-01251-CBM (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　On February 19, 2014, Plaintiff, a state prisoner, lodged a pro se civil rights complaint together with a request to proceed in forma pauperis. On February 27, 2014, the Court granted Plaintiff's in forma pauperis request. Dkt. 1. Plaintiff's complaint was accordingly filed on the same date. Dkt. 3 ("Complaint"). The Complaint names four correctional officers from California State Prison – Los Angeles ("CSP-LA") as Defendants: K. Wolter, M. Soto, L. Shover, and John Doe. Id. at 2-3. Plaintiff names each of the Defendants in his or her individual capacity. Id.

　　　Plaintiff alleges that Wolter, Soto, and Shover are correctional counselors at CSP-LA who have refused to transfer Plaintiff from a Level IV facility to a Level II facility. Id. at 8-10. Plaintiff alleges that Soto told Plaintiff

1  in February 2013 that "I know why you['re] being housed here . . . you write
2  too damn many [inmate appeals]." Id. at 8. Likewise, Plaintiff alleges that
3  Shover told Plaintiff in June 2013 that "I've been informed to hold on to you
4  for a while you should consider laying off of the inmate complaints who knows
5  you might be able to transfer then." Id. at 10.
6       On July 6, 2013, Plaintiff was present in the dining hall of CSP-LA's
7  Facility "D" when an inmate disturbance occurred. Id. at 6. Plaintiff alleges
8  that during the disturbance he was kicked in the shoulder and neck area. Id.
9  Plaintiff ran from the area of the disturbance and encountered an number of
10 correctional officers, at which point Plaintiff "proned out" and plastic
11 handcuffs were applied by John Doe, who then used a self-defense spray in
12 Plaintiff's face. Id. at 6-7. Plaintiff alleges that had he been placed at an
13 appropriate facility, he would not have been present when the disturbance
14 occurred. Id. at 11.
15      In accordance with 28 U.S.C. § 1915(e)(2) and 1915A, the Court has
16 screened Plaintiff's Complaint before ordering service for purposes of
17 determining whether the action is frivolous or malicious; or fails to state a
18 claim on which relief might be granted; or seeks monetary relief against a
19 defendant who is immune from such relief.
20      The Court's screening of the Complaint under the foregoing statutes is
21 governed by the following standards. A complaint may be dismissed as a
22 matter of law for failure to state a claim for two reasons: (1) lack of a
23 cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.
24 See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In
25 determining whether the complaint states a claim on which relief may be
26 granted, its allegations of material fact must be taken as true and construed in
27 the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242,
28 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court

must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that it suffers from the pleading deficiencies discussed below. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be

cured by amendment).

### A. Due Process Claim

Plaintiff's first claim alleges that Wolter, Soto, and Shover deprived him of his Fourteenth Amendment right to substantive due process by refusing to transfer him to a medium security facility commensurate with his classification as a Level II inmate. See Complaint at 4.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Id. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221–22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222–23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff does not have a freestanding constitutional right to a particular classification level or to be housed in a particular prison, see Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983) (no justifiable expectation of incarceration in a particular state); Meachum v. Fano, 427 U.S. 215, 224-25, (1976) (no justifiable expectation of incarceration in a particular prison within a state), and Plaintiff has not demonstrated the existence of a state-created liberty interest in either, Wilkinson, 545 U.S. at 222-23; Myron, 476 F.3d at

4

718. In the absence of a protected liberty interest, Plaintiff's claim that he was denied due process fails. <u>Wilkinson</u>, 545 U.S. at 221.

B. **<u>Eighth Amendment Claim</u>**

Plaintiff's second claim alleges that John Doe violated his Eighth Amendment right to be free from cruel and unusual punishment by using self-defense spray on Plaintiff at point blank range while Plaintiff was on the ground and complying with officers' orders. <u>See</u> Complaint at 5.

The Eighth Amendment prohibits the use of excessive physical force against inmates. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment excessive force claim, the plaintiff must show that "the force used against him was applied, not in a 'good faith effort to maintain or restore order, [but] maliciously and sadistically for the very purpose of causing harm.'" <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37-38 (2010) (quoting <u>Hudson v. McMillan</u>, 503 U.S. 1, 9 (1992)) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. <u>Id.</u> (quoting <u>Hudson</u>, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. <u>Hudson</u>, 503 U.S. at 7 (quotation marks and citations omitted).

Plaintiff's allegations of excessive force against Doe are arguably sufficient to state a claim. Assuming the truth of Plaintiff's allegations, it appears that Plaintiff was obeying the officers' orders and there does not

appear to be any facts or circumstances that indicate that it was necessary for Doe to use self-defense spray on Plaintiff.

## C. **Retaliation Claim**

Plaintiff's third claim alleges that Wolter, Soto, and Shover deprived him of his First Amendment rights by refusing to transfer Plaintiff to a different facility in retaliation for his use of the inmate grievance system. See Complaint at 5.

The First Amendment provides a right to petition the government for redress of grievances. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing California Motor Transp. Co. v. Trucking Unltd., 404 U.S. 508, 510 (1972). This right includes an inmate's right to file prison grievances. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)). Deliberate retaliation by a state actor against an individual's exercise of this right is actionable under section 1983. Morgan, 874 F.2d at 1314; see also Rhodes, 408 F.3d at 567.

To state a viable claim for retaliation in violation of the First Amendment in the prison context, a plaintiff must show five basic elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Brodheim, 584 F.3d at 1269 (quoting Rhodes, 408 F.3d at 567-68). To satisfy the causation element, plaintiff must show that his constitutionally-protected conduct was a "substantial or motivating factor" for the alleged retaliatory action. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Brodheim, 584 F.3d at 1271. The chilling inquiry is governed by an objective standard, and "the infliction of harms other than a total chilling effect

can [also] establish liability" for retaliatory conduct. See, e.g., Rhodes, 408 F.3d at 569; Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000); Mendocino Envtl. Center v. Mendocino Cty., 192 F.3d 1283, 1300 (9th Cir. 1999). Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff alleges specific threatening remarks by Soto and Shover that are arguably sufficient to constitute retaliatory conduct. With respect to Wolter, however, Plaintiff does not allege any such specific remarks. Plaintiff alleges that when he asked about why he was not in a facility appropriate to his classification level, Wolter responded "you['re] right you should be on a Level II but I'm afraid you can't transfer they don't have anywhere to place you right now and besides you seem to be doing just fine here." Complaint at 9 (emphasis added). According to Plaintiff's own allegations, then, Wolter attributed a non-retaliatory explanation for her inability to transfer Plaintiff.[1] The Court therefore concludes that Plaintiff's allegations do not state a cause of action against Wolter.

**********

If Plaintiff still desires to pursue his claims against Defendants, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a

///

---

[1] The Court notes that Plaintiff has now been transferred to a different CDCR facility.

blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: March 31, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge